IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

HAMID REZA SAYADI-TAKHTEHKAR
Reg. #38137-054                                                                                        PETITIONER

V.                                    2:10CV00141 JLH/JTR

T.C. OUTLAW, Warden,
FCI-Forrest City                                                                                     RESPONDENT

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

1

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at a hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Room A149
>   Little Rock, AR 72201-3325

## I. Introduction

Hamid Reza Sayadi-Takhtehkar, who is currently incarcerated in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (docket entry #1). Respondent filed a Response

(docket entry #9), to which Petitioner replied (docket entry #10). For the reasons that follow, the § 2241 petition should be denied.

## II. Background

The procedural history is undisputed. Following a jury trial in the United States District Court for the Northern District of Texas (Lubbock), Petitioner was convicted of conspiring to import heroin, conspiring to possess heroin with intent to distribute, possessing heroin with intent to distribute, and tampering with a witness. In April 1997, judgment was entered and he was sentenced to 365 months of imprisonment. *United States v. Sayadi-Takhtehkar*, N.D. Tex. No. 5:96-cr-00041-C-BG-6, #361.[1] In a direct appeal, he argued that: (1) the government failed to prove he was predisposed to commit the offenses; and (2) the trial court abused its discretion in denying his motion to take foreign depositions. The United States Court of Appeals for the Fifth Circuit affirmed, and the United States Supreme Court denied his petition for writ of certiorari. *United States v. Sayadi-Takhtehkar*, 139 F.3d 899 (5th Cir.) (unpublished), *cert. denied*, 525 U.S. 852 (1998).

In March 1999, Petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence in the district court for the Northern District of Texas. The trial

---

[1] The records of Petitioner's other court proceedings have been electronically accessed.

court denied this motion, and the Fifth Circuit affirmed. *See* N.D. Tex. No. 5:96-cr-00041-C-BG-6, #506-#525.

On September 21, 2010, Petitioner filed this § 2241 habeas action, which assets a single claim for relief: "Illegal detention based upon procedural defect and/or violation of due process rights."[2] According to Petitioner, his rights under international treaty laws were violated when, in 1995, he was arrested on international drug smuggling charges and was never informed of his rights under the Vienna Convention's Article 36 notice requirement. He says he was tried, convicted and sentenced without being afforded his rights under the Vienna Convention. He further asserts that, because of the violation of the "consular notification provision," he was denied due process of law and now suffers a liberty restraint. As relief, he asks this Court to declare that his rights under the Vienna Convention have been violated, vacate the judgment entered against him, and restrain Respondent from further enforcing and carrying out the imposed sentence.

On November 1, 2010, Petitioner filed a successive § 2255 motion. *Sayadi-Takhtehkar v. United States*, N.D. Tex. No. 5:10-cv-00168-C, #1. The trial court

---

[2]On the same date, Petitioner also filed a separate civil action seeking declaratory relief pursuant to 28 U.S.C. § 1331 and § 2201. As in this habeas action, Petitioner alleged that his rights under international treaty law and the Vienna Convention had been violated. *Sayadi-Takhtehkar v. United States*, E.D. Ark. No. 2:10-cv-00149 JLH/JJV, #1. The district court dismissed that action with prejudice. *Id.* #2, #3. On January 28, 2011, the United States Court of Appeals for the Eighth Circuit summarily affirmed . *Id.* #14, #15.

found that it lacked jurisdiction to consider the motion and transferred the matter to the Fifth Circuit Court of Appeals. *Id.* #3. On February 14, 2011, the Fifth Circuit denied authorization for Petitioner to proceed with a successive § 2255 motion. *Id.* #5 (5th Cir. No. 10-11176). According to Respondent, the successive § 2255 motion raised the same claims Petitioner is asserting in this action.

### III. Discussion

While Petitioner is incarcerated in this judicial district, the claims that he is asserting in his § 2241 petition attack the validity of his convictions and sentences in the Northern District of Texas. Issues concerning the lawfulness of a federal conviction and sentence generally must be brought in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *see* 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction

5

of the court presiding in the judicial district where the prisoner is incarcerated. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323.

A petitioner may only use § 2241 to challenge the validity of his underlying conviction and sentence if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Lopez-Lopez*, 590 F.3d at 907. This is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002).

The § 2255 remedy is not inadequate or ineffective merely because the claim already has been raised and rejected in a § 2255 proceeding, or because the petitioner has been denied permission or does not meet the statutory requirements for filing a second or successive § 2255 motion. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* 28 U.S.C. § 2255(h) (successive § 2255 motion may be allowed if court of appeals certifies that it is based on "newly discovered evidence" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). The § 2255 remedy will not be considered inadequate or ineffective due to a petitioner's belief that the § 2255 court

misunderstood his claims, failed to adequately address them, or declined to address them on the merits. *Lopez-Lopez*, 590 F.3d at 907. In short, a § 2241 petition in the district of incarceration cannot be used to raise an issue which could have been or actually was raised in a § 2255 motion in the sentencing district. *Nichols*, 553 F.3d at 650; *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003); *Perez*, 286 F.3d at 1063; *United States v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000). Petitioner's attempt to relitigate the same issues in this § 2241 action can be viewed as "no more than a transparent attempt to bypass the ruling[s]" of the Texas district court and the Fifth Circuit. *Hill*, 349 F.3d at 1092.

Petitioner has not demonstrated the inadequacy or ineffectiveness of his § 2255 remedies in the sentencing district. Accordingly, this Court lacks subject matter jurisdiction to entertain the claims raised in this § 2241 habeas action, and it should be dismissed. See *id.* at 1091-93; *DeSimone*, 805 F.2d at 323-24.

Petitioner also asked that this matter be stayed pending an appellate decision on the denial of his "interrelated" declaratory judgment action in this Court (docket entries #2, #10). Because the Eighth Circuit has now summarily affirmed the Court's dismissal of that action, his request to stay should be denied as moot.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2241 Petition

for Writ of Habeas Corpus (docket entry #1) be DENIED, and the case be dismissed, without prejudice. IT IS FURTHER RECOMMENDED THAT Petitioner's Motion to Stay Habeas Corpus Proceedings (docket entry #2) be DENIED.

DATED this 6th day of May, 2011.

_____
UNITED STATES MAGISTRATE JUDGE